UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LISA DAWN PEPIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 09-464-P-S |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Supplemental Security Income ("SSI") appeal contends that the administrative law judge erred in her evaluation of the opinions of treating medical professionals and in finding available to her jobs that were not within the residual functional capacity ("RFC") that the administrative law judge had assigned to her. With respect to the latter issue, the commissioner moved without objection for leave to file a re-hearing memorandum of law, Docket Nos. 9-10, 12, and, at my request, the parties have submitted post-hearing memoranda of law, Docket Nos. 14, 15. I now recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential review process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the

---

[1] This action is properly brought under 42 U.S.C. § 1383(c). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 16, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. Post-hearing briefing was completed on July 21, 2010, on the question of whether the plaintiff's residual functional capacity as found by the administrative law judge precluded the jobs identified by the vocational expert at hearing.

administrative law judge found, in relevant part, that the plaintiff suffered from bilateral Achilles tendon calcification status post surgical procedures, bipolar disorder, major depressive disorder, and attention deficit hyperactivity disorder, impairments that were severe but which did not, whether considered separately or in combination, meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-3, Record at 9-10; that she retained the RFC to lift and carry 10 pounds frequently and 20 pounds occasionally, to sit for a total of six hours in an eight-hour workday, to stand or walk for a total of six hours in an eight-hour workday, to balance, stoop, kneel, crouch, crawl, and climb occasionally, but not to push or pedal constantly with the right lower extremity, to understand, remember, and carry out simple tasks and procedures, maintain attention and concentration for two-hour blocks within these tasks and procedures and the normal breaks of a workday, and to have brief and superficial contact with the public, coworkers, and supervisors, Finding 4, *id.* at 11; that she had no past relevant work, Finding 5, *id.* at 17; that, given her age (36 on the date the application was filed), high school education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the plaintiff could perform, Findings 6-9, *id.*; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time from June 18, 2007, when the application was filed, through the date of the decision, Finding 10, *id.* at 18. The Decision Review Board did not complete its review of the decision in the time allowed, *id.* at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 405.420(a)(2).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination

must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

### A. Identified Jobs

The plaintiff first challenges, Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (Docket No. 6), at 2-3, the administrative law judge's reliance, Record at 17, on the vocational expert's testimony that the jobs of linen grader and parking lot attendant would be available to the plaintiff, *id*. at 65. The plaintiff asserts that the Dictionary of Occupational Titles assigns a reasoning development level of 2 to each job, and, therefore, neither is available to the plaintiff, under this court's decision in *Briggs v. Astrue*, Civil No. 08-05-B-W, 2008 WL 4849332 (D. Me. Nov. 6, 2008), because the administrative law judge found that the plaintiff could only perform simple tasks and procedures, Record at 11. The administrative law judge's hypothetical question to the vocational expert included a limitation to simple tasks and procedures. *Id*. at 64.

3

*Briggs*, and this court's well-established precedent before it, would be determinative of this issue. In *Briggs*, I held that a job which, according to the Dictionary of Occupational Titles, has a reasoning level of 2,

> which requires a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations[,]" Appendix C, § III to [the Dictionary of Occupational Titles], generally is beyond the capacity of a person limited to simple instructions or simple tasks [, citing cases].

2008 WL 4849332 at *3. Here, the two jobs at issue carry a reasoning level of 2 in the Dictionary of Occupational Titles. *See* Linen Grader, Dictionary of Occupational Titles ("DOT") (U. S. Dep't of Labor, 4th ed. rev. 1991), §361.687-022, and Parking-Lot Attendant, *id*. § 915.473-010. The same is also true of a third job that the vocational expert also testified would be available, in response to the administrative law judge's hypothetical question, Record at 65, but which the administrative law judge did not adopt. *See* Counter Attendant, Lunchroom or Coffee Shop, DOT § 311.477-014.

This court first held that a person limited to simple instructions or simple tasks could not perform jobs with a reasoning level of 2 in *Hall v. Barnhart*, No. 03-299-P-C, 2004 WL 1896969, at *2-*3 (D. Me. Aug. 25, 2004), and *Flagg v. Barnhart*, No. 04-45-B-W, 2004 WL 2677208, at *5 (D. Me. Nov. 24, 2004). *Hall* and *Flagg*, in turn, had their roots in *Hall-Grover v. Barnhart*, No. 03-239-P-C, 2004 WL 1529283 (D. Me. Apr. 30, 2004) (rec. dec., *aff'd* May 24, 2004), in which this court deemed a job with a GED reasoning level of 3 incompatible with a limitation to the performance of simple, repetitive tasks. *See Hall-Grover*, 2004 WL 1529283, at *3-*4. Since 2004, the court has followed its holding in *Hall* and *Flagg* in a largely unbroken line of cases, including *Briggs*. However, as the commissioner has pointed out, Defendant's Response to Plaintiff's Itemized Statement of Errors ("Commissioner's Brief") (Docket No. 12)

4

at 5-8, *Hall, Flagg*, and their progeny are increasingly in the minority on the question of whether a limitation to simple instructions or tasks fairly can be characterized as "conflicting" with an indication in the DOT that a job has a GED reasoning level of 2.

This court's line of cases addressing a GED level of 2 focused on the word "detailed" in the DOT description of level 2 reasoning. Within the last year, this court has recognized that DOT definitions, created by the Department of Labor, are not necessarily totally compatible with regulations created by the Social Security Administration. *Prescott v. Astrue*. No. 09-23-B-W, 2009 WL 3148731, at *3 (D. Me. Sept. 30, 2009) (citing *Meissl v. Barnhart*, 403 F.Supp.2d 981, 984 (C.D. Cal. 2005)).

In *Meissl*, decided after this court's decisions in *Hall* and *Flagg*, the United States District Court for the Central District of California offered a well-reasoned and compelling rationale for rejecting the notion that there is any seeming conflict between a limitation to "simple tasks performed at a routine pace," 403 F.Supp.2d at 82, and an indication in the DOT that the jobs concerning which a vocational expert had testified had a GED reasoning level of 2. In particular, the court rejected the assertion that the DOT's use of the word "detailed" equates with the words "detailed instructions" in Social Security regulations differentiating between "short and simple instructions" and "detailed" or "complex" ones:

> A job with a reasoning level of two requires that the worker "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and deal with problems "involving a few concrete variables . . . ." DOT at 1011. Thus, such a job would involve more detail, as well as a few more variables, than that with a reasoning level of one. The question becomes whether a person limited to carrying out simple, repetitive instructions could still perform a job with such a reasoning score.
>
> Meissl focuses on the fact that the DOT description for a reasoning level of 2 uses the word "detailed." Essentially, Meissl seeks to equate the DOT's use of the work "detailed" with the Social Security regulations'

5

> use of the word[s] "detailed instructions" in formulating a claimant's mental RFC. The Court is not convinced that such a neat, one-to-one parallel exists between the two.
>
> The Social Security regulations separate a claimant's ability to understand and remember things and to concentrate into just two categories: "short and simple instructions" and "detailed" or "complex" instructions. 20 C.F.R. § 416.969a(c)(1)(iii); *see also* 20 C.F.R. part 404, subpart P, Appendix 1, Listing 12.00C(3) ("You may be able to sustain attention and persist at simple tasks but may still have difficulty with complicated tasks"). The DOT, on the other hand, employs a much more graduated, measured and finely tuned scale starting from the most mundane ("simple one- or two-step instructions" at level one), moving up to the most complex ("applying principles of logical or scientific thinking . . . apprehend the most abstruse classes of concepts" at level six). DOT at 1010-1011. To equate the Social Security regulations['] use of the term "simple" with its use in the DOT would necessarily mean that all jobs with a reasoning level of two or higher are encapsulated within the regulations' use of the word "detail." Such a "blunderbuss" approach is not in keeping with the finely calibrated nature in which the DOT measures a job's simplicity.

403 F.Supp.2d at 983-84.

The *Meissel* court then moved on to consider the use of the phrase "detailed but uninvolved" in the DOT, a consideration not fully addressed in *Hall* or *Flagg*.

> Even more problematic for Meissl's position is that she ignores the qualifier the DOT places on the term "detailed" as also being "uninvolved." This qualifier certainly calls into question any attempt to equate the Social Security regulations' use of the term "detailed" with the DOT's use of that term in the reasoning levels. Instead of simply seeking to equate the two scales based on the serendipity that they happen to employ the same word choice, a much more careful analysis is required in comparing the claimant's RFC with the DOT's reasoning scale.

*Id*. at 984.

The administrative law judge in *Meissl* had found that the claimant could perform simple tasks as well as those that had some element of repetitiveness. The court found that a GED reasoning level of 1 required "slightly less" than this level of reasoning, and that the DOT's use

of "uninvolved" in the definition of level 2 reasoning "downplayed the rigorousness" of the instructions involved. *Id.*

The *Meissl* court concluded that the claimant's reasoning level was at level 2 rather than level 1 by explaining:

> A reasoning level of one on the DOT scale requires slightly less than this level of reasoning. While reasoning level two notes the worker must be able to follow "detailed" instructions, it also (as previously noted) downplayed the rigorousness of those instructions by labeling them as being "uninvolved."
>
> The Court finds that there is much to recommend for believing that Meissl's reasoning level is at level two rather than at level one. A reasoning level of one indicates, both by the fact that it is the lowest rung on the development scale as well as the fairly limited reasoning required to do the job, as applying to the most elementary of occupations[,] only the slightest bit of rote reasoning being required. For example, the DOT describes the following jobs as requiring only a reasoning level of one: Counting cows as they come off a truck (job title Checker (motor trans.)); pasting labels on filled whiskey bottles (job title Bottling-Line Attendant (beverage)); and tapping the lid of cans with a stick (job title Vacuum Tester, Cans). *See* DOT at 931, 936, 938. Someone able to perform simple, repetitive instructions indicates a level of reasoning sophistication above those listed. Other courts have so held. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (holding that "level-two reasoning appears more consistent with Plaintiff's RFC" to "simple and routine work tasks"); *Money v. Barnhart*, 91 Fed.Appx. 210, 214, 2004 WL 362291, at *3 (3d Cir. 2004) ("Working at reasoning level 2 would not contradict the mandate that her work be simple, routine and repetitive").

The clear majority of the courts that have addressed this issue since 2005, including three circuit courts of appeal, agree with the *Meissl* court. *See Lara v. Astrue*, 305 Fed.Appx. 324, 326, 2008 WL 4927346, at **1 (9th Cir. Nov. 19, 2008) ("[S]omeone able to perform simple, repetitive tasks is capable of doing work requiring more rigor and sophistication – in other words, Reasoning Level 2 jobs."); *Stokes v. Astrue*, 274 Fed.Appx. 675, 684, 2008 WL 1766788, at **8 (10th Cir. Apr. 18, 2008) ("In *Hackett v. Barnhart*, we held that a limitation 'for simple

7

and routine work tasks' was inconsistent with the demands of level-three reasoning but consistent with the demands of level-two reasoning, 395 F.3d 1168, 1176 (10th Cir. 2005)[.]"); *Money v. Barnhart*, 91 Fed.Appx. 210, 215, 2004 WL 362291, at \*\*3 (3d Cir. Feb. 25, 2004) ("Working at reasoning level 2 would not contradict the mandate that [the claimant's] work be simple, routine and repetitive."). One circuit court has gone even further. *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (RFC for simple work not inconsistent with jobs listed in DOT at reasoning level 3).

Omitting multiple cases within any district, a partial list of federal district court opinions adopting the same position with respect to reasoning level 2 jobs follows: *Loyha v. Astrue*, No. CIV S-09-0038 GGH, 2010 WL 2737158, at \*7 (E.D. Cal. July 12, 2010); *Hurtado v. Astrue*, No. 09-60930-CIV, 2010 WL 1850261, at \*11 (S.D. Fla. Apr. 14, 2010); *Rollinson v. Astrue*, No. 7:09-CV-137-FL, 2010 WL 1737690, at \*10 (E.D.N.C. Apr. 9, 2010); *Fletcher v. Astrue*, Civil Action No. 5:09-CV-070-BG ECF, 2010 WL 1644877, at \*3-\*4 (N.D. Tex. Mar. 31, 2010), (state-agency consultant found claimant markedly limited in ability to deal with detailed instructions); *Masek v. Astrue*, No. 08 C 1277, 2010 WL 1050293, at \*22 (N.D. Ill. Mar. 22, 2010); *Stroda v. Astrue*, No. C09-5112BHS, 2010 WL 129814, at \*11-\*12 (W.D. Wash. Jan. 11, 2010); *Russell v. Astrue*, 626 F.Supp.2d 921, 946-47 (D. Minn. 2009); *Mathis v. Astrue*, No. 3:07-CV-131 (CDL), 2008 WL 4849028, at \*2-\*3 (M.D. Ga. Nov. 6, 2008); *Cooper v. Commissioner of Soc. Sec.*, No. 3:07cv300, 2008 WL 4405045, at \*8 (S.D. Ohio Sept. 24, 2008), *Charles v. Astrue*, Civil Action No. 07-1172, 2008 WL 4003651, at \*4-\*5 (W.D. La. Aug. 7, 2008); *Roos v. Astrue*, No. 06 Civ. 15284(GWG), 2008 WL 2309166, at \*19 (S.D.N.Y. June 4, 2008); *Miller v. Astrue*, Civil Action No. 2:06-00879, 2008 WL 759083, at \*2 (S.D. W.Va. Mar. 19, 2008).

The plaintiff cites three cases involving reasoning level 2.[2] One, *Mead v. Barnhart,* No. Civ.04-139-JD, 2004 WL 2580744, at *2-*3 (D.N.H. Nov. 15, 2004), relies on this court's prior decisions on this issue. Another, *Lucy v. Chater*, 113 F.3d 905, 908-09 (8th Cir. 1997), limits its discussion to the possible effect of a finding of borderline intellectual functioning on jobs rated at reasoning level 2 when no vocational testimony was provided. In the third, *Grigsby v. Astrue*, No. EDCV 08-1413 AJW, 2010 WL 309013, at *1-*2 (C.D. Cal. Jan. 22, 2010), the magistrate judge found, without any analysis, that jobs listed by the DOT at reasoning levels 2 or 3 were inconsistent with a limitation to simple repetitive tasks involving two steps of instructions. That conclusion is inconsistent with those of at least three other magistrate judges in that district. *Wortman v. Astrue*, No. EDCV 09-442 AGR, 2010 WL 2652278, at *5 (C.D. Cal. June 30, 2010); *Concha v. Astrue*, No. CV 09-3044-PJW, 2010 WL 2569240, at *4 (C.D. Cal. June 21, 2010); *Harris v. Astrue*, No. EDCV 09-1689 SS, 2010 WL 1641341, at *13 (C.D. Cal. Apr. 21, 2010).

To the extent that the case law cited by the plaintiff conflicts with that cited by the defendant, I find that cited by the defendant to be persuasive.

The plaintiff makes one other argument. She contends that an order of the Appeals Council attached to her supplemental memorandum, with its date and information identifying the claimant redacted, establishes that the commissioner has agreed with the plaintiff's position and, apparently, is therefore barred from taking a contrary position in this case. Response to Defendant's Response to Plaintiff's Itemized Statement of Errors (Docket No. 14) at 1-2. However, the Appeals Council order cannot reasonably be read to take any position on the issue presently before this court. *Id.* Attachment 1.

---

[2] Both parties cite cases involving reasoning level 3, but consideration of those opinions is best left to a case in which level 3 is at issue.

For the foregoing reasons, I recommend that this court abandon its minority position at this time. Accordingly, the plaintiff is not entitled to remand on the basis of any conflict between her RFC and the jobs identified by the vocational expert.[3]

### B. Treating Source Opinions

The plaintiff contends that the administrative law judge also erred in giving no weight to the opinions of Karyn Woelflein, M.D., whom she describes as a treating physiatrist, Christine Plourde, a nurse practitioner, and Carol Gray-Kennedy, a licensed clinical psychiatric counselor. Itemized Statement at 3-6.

With respect to Dr. Woelflein, the administrative law judge said the following:

> No weight has been given to the February 26, 2009, opinion of Karyn L. Woelflein, M.D., that the claimant would likely be absent from work more than four days a month, must alternate positions as needed, and is unable to lift or carry more than ten pounds frequently and twenty pounds occasionally, sit for more than six hours in an eight-hour workday, and stand or walk for more than two hours in an eight-hour workday (Exhibit 25F). Dr. Woelflein has no ongoing treatment relationship with the claimant, and only saw her on one occasion in September, 2008. Dr. Woelflein did not make her opinion until February, 2009, and the medical source statement does not reflect the specific findings which are the basis of the opinion. Her findings are not supported by the Medical Rehab Associates records, and are inconsistent with other medi[c]al records, the course of treatment, the claimant's functional daily activities, and with the record as a whole.

Record at 15-16.

The plaintiff contends that this statement "erroneously states that Dr. Woelflein has seen the Claimant only once, is not a treating source, and does not have an ongoing relationship with the Plaintiff." Itemized Statement at 3. She does not contradict the assertion that the submitted records show only one meeting between her and Dr. Woelflein, but instead relies on her one

---

[3] For similar reasons, I reject the plaintiff's additional argument that this case must be remanded because the vocational expert's testimony that her selection of available jobs was consistent with the description of those jobs in the DOT, Record at 65, was erroneous. Itemized Statement at 2-3.

10

meeting with Denyse Pelletier, a nurse practitioner, "working under Dr. Woelflein's supervision," and a note that another appointment had been scheduled. *Id*. at 3-4.

The medical records at issue do show that Dr. Woelflein herself saw the plaintiff only once, on September 30, 2008, in consultation at the request of her primary care provider. Record at 520-21. The only other report of contact with Dr. Woelflein's practice is a follow-up on October 27, 2008, with Denyse M. Pelletier, N.P., "[f]ollowing the care plan and under the supervision of Karyn L. Woelflein, M.D." *Id*. at 516-17. Ms. Pelletier's letter is not countersigned by Dr. Woelflein. Dr. Woelflein filled out a Physical Residual Functional Capacity Questionnaire on February 26, 2009, that indicates that another appointment had been scheduled for April 9, 2009, although it is not clear whether that appointment is with her or with Ms. Pelletier. *Id*. at 633, 637.[4]

In any event, 20 C.F.R. § 416.927(d)(2), the regulation cited by the plaintiff, Itemized Statement at 4, makes clear that the "reports of individual examinations, such as consultative examinations" lack the more valuable characteristics likely to be found in the reports of treating medical professionals. On the showing made, the administrative law judge did not err in concluding that Dr. Woelflein's responses to the questionnaire were not worthy of the weight that would be accorded to that of a treating physician. At the time she filled out the questionnaire, she had seen the patient only once, in consultation. The administrative law judge's observation that Dr. Woelflein's responses "do[] not reflect the specific findings that are the basis of the opinion[,]" Record at 15, is also correct. There is no reversible error in her treatment of Dr. Woelflein's opinions.

---

[4] The plaintiff asserts that the administrative law judge "acknowledged that the limitations set forth by [both Dr. Woelflein and Ms. Plourde], if accepted, would establish disability," Itemized Statement at 5, 6, citing the record at page 42 ("R.42"). Presumably, counsel meant to refer to page 42 of the transcript of the hearing before the administrative law judge, which appears at page 67 of the record. Page 42 of the record presents testimony of the plaintiff that has nothing to do with this issue.

The plaintiff discusses the administrative law judge's treatment of the opinions of Ms. Plourde and Ms. Gray-Kennedy without distinguishing between them. Itemized Statement at 5-6. Neither is an acceptable medical source under Social Security regulations. 20 C.F.R. § 416.913(a). This means that neither can provide evidence of the existence of an impairment. *Id*. The plaintiff appears to rely only on their "conclusions as to absence from work." Itemized Statement at 5. Because sources other than acceptable medical sources, including nurse practitioners and therapists, may provide evidence "to show the severity of your impairment(s) and how it affects your ability to work[,]" 20 C.F.R. § 416.913(d), this appears to be an area in which the opinions of these individuals may be considered. On this point, the administrative law judge said:

> Little weight has been given to the February 10, 2009, opinion of Carol Gray[-]Kennedy, L.C.P.C.[,] that the claimant would be absent from work more than four days a month, and has no useful ability to function with respect to dealing with the stress of semiskilled and skilled work, completing a normal workday or work week without interruptions from psychologically based symptoms, and performing at a consistent pace without an unreasonable number and length of rest periods, and is unable to meet the competitive standards with respect to her understanding, remembering, and carrying out detailed instructions, remembering work-like procedures, sustaining an ordinary routine without special supervision, working in coordination with or proximity to others without being unduly distracted by them, accepting instructions and responding appropriately to criticism from supervisors, getting along with coworkers or peers without unduly distract[ing] them or exhibiting behavioral extremes, and dealing with normal work stress (Exhibit 23F). Little weight has also been given to the March 10, 2009, opinion of Christine Plourde, N.P., that the claimant would be absent more than four days a month, and is unable to meet the competitive standards with respect to understanding, remembering, and carrying out detailed instructions, remembering work[-]like procedures, maintaining attention for two hour[] segments, maintaining regular attendance and being punctual within customary tolerances, sustaining an ordinary routine without special supervision, responding appropriately to changes in a routine work setting, dealing with normal work stress, completing a normal workday or workweek without interruptions from psychologically based symptoms, and performing at a consistent pace without an unreasonable

number and length of rest periods (Exhibit 26F).  Although Ms. Kennedy
is a therapist and Ms. Plourde manages the claimant's medications, their
opinions are not supported by or consistent with the actual therapy and
treatment notes contained in Exhibits 12F[] and 24F.  Furthermore, the
opinions were given on generic check forms with no explanation or basis
for the reflected limitations.  These opinions appear to be based on the
claimant's subjective allegations, and are inconsistent with her activities
of daily living, other medical evidence, course of treatment, and with her
testimony at hearing.

Record at 16.

The administrative law judge's opinion includes an extensive summary of the history of the plaintiff's mental health treatments and her activities of daily living. *Id*. at 12-13, 14-15. The plaintiff contends, in conclusory fashion, that the administrative law judge's opinion "fails to comply with 20 C.F.R. § 416.927 and SSR 06-3p in evaluating Ms. Plourde and Ms. Kennedy's opinions." Itemized Statement at 6. The only specific examples given by the plaintiff, *id*. at 5, do not appear to establish that, because she exhibited the listed symptoms,[5] the plaintiff would necessarily miss more than four days a month at work.

In addition, I do not see, in the absence of any specific argument, any way in which the administrative law judge's analysis failed to comply with 20 C.F.R. § 416.927. The cited Ruling provides, *inter alia*, that the weight to be given opinions of sources other than acceptable medical sources "will vary according to the particular facts of the case, the source of the opinion, including that source's qualifications, the issue(s) that the opinion is about, and many other factors[,]" including how long the source has known and how frequently the source has seen the individual, how consistent the opinion is with other evidence, the degree to which the source presents relevant evidence to support the opinion, how well the source explains the opinion, and

---

[5] The symptoms listed by the plaintiff are "being on verge of tears, poor concentration, poor sleep and appetite, and a manic phase . . . and symptoms including frequent crying, inability to make decisions, poor concentration and manic episodes . . . . Hypomanic symptoms . . . anxiety, depression and poor concentration." Itemized Statement at 5-6.

whether the source has a specialty or area of expertise related to the individual's impairment. Social Security Ruling 06-03p, reprinted in *West's Social Security Reporting Service* Rulings (Supp.2009), at 331-32. The administrative law judge's opinion mentions several of these factors, certainly enough to support her conclusions.

The plaintiff also asserts, without citation to authority, that the fact that the plaintiff was "assessed with a Global Assessment of Functioning ('GAF') of 49, [is] consistent with inability to work[.]" Itemized Statement at 5. A GAF score of 49 "reflects serious symptoms (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (*e.g.*, no friends, unable to keep a job)." American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed., text rev. 2000) (internal emphasis omitted). So, a score of 49 *could* be consistent with an inability to work, but it is not *necessarily* so.

There is no reversible error in the administrative law judge's treatment of the questionnaires filled out by Ms. Plourde and Ms. Gray-Kennedy.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 24th day of August, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge